IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED

FEB 25 2020

ARTHUR JOHNSTON
BY _____ DEPUTY

3:20 cr37. cwr. FxB

UNITED STATES OF AMERICA

v.                                                      CRIMINAL NO.

CERISSA RENFROE NEAL,                   18 U.S.C. § 1349
JOSEPH B. KYLES,                               18 U.S.C. § 1343
DAVID B. HUNT, and                            18 U.S.C. § 1957
LAMBERT MARTIN                              18 U.S.C. § 666(a)

**The Grand Jury charges:**

## INTRODUCTION

At all times relevant to the allegations of this Indictment:

1.    Defendant **CERISSA RENFROE NEAL** was Executive Director with the Mississippi Department of Education ("Department of Education"). **CERISSA RENFROE NEAL** was also principal owner of Garland Consulting, located in Madison, Mississippi.

2.    Defendant **JOSEPH B. KYLES** was principal owner of The Kyles Company, located in Memphis, Tennessee.

3.    Defendant **DAVID B. HUNT** was principal owner of Doc Imaging, located in Jackson, Tennessee.   Doc Imaging also did business as "Hunt Services."

4.    Defendant **LAMBERT MARTIN** was principal owner of Educational Awareness, located in Memphis, Tennessee.

5.    Mississippi Department of Education procurement rules required formal competitive bidding processes for services contracts valued greater than $100,000.

6.    Mississippi Department of Education procurement rules required formal competitive bidding processes for tangible goods contracts valued greater than $50,000.

<u>COUNT 1</u>
(Conspiracy: 18 U.S.C. § 1349)

7.      Beginning no later than on or about May 1, 2013, and continuing through on or about July 31, 2016, the exact dates being unknown to the Grand Jury, in Hinds County, in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendants, **CERISSA RENFROE NEAL, JOSEPH B. KYLES, DAVID B. HUNT and LAMBERT MARTIN,** did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate and agree with others known and unknown to the Grand Jury to commit certain offenses against the United States, namely, wire fraud, in violation of Title 18, United States Code, Section 1343.

<u>Object of the Conspiracy</u>

8.      It was the object of the conspiracy for the defendants to unjustly enrich themselves by using interstate and international wires and using the mails, to defraud the State of Mississippi, the United States, and other persons by bid rigging, false quotes, and altered purchase orders, in order to make money and profit by defrauding the Mississippi Department of Education into awarding contracts and purchase orders at inflated prices, directed to conspirators and their businesses.

<u>The Manner and Means of the Conspiracy</u>

9.      The manner and means by which the defendants and their coconspirators sought to accomplish the objects of the conspiracy included, among other things, the following:

10.     Using her position within the Mississippi Department of Education, defendant **CERISA RENFROE NEAL** would split contract requests from one contract to multiple smaller

2

contracts to avoid threshold amounts that would trigger formal competitive bidding process.

11.     Co-conspirators established and operated various business entities such as The Kyles Company, Doc Imaging, "Hunt Services," Educational Awareness, or Garland Consulting, in Mississippi, Tennessee, and elsewhere in the United States.

12.     Defendant **CERISSA RENFROE NEAL** would entertain and advocate for a bid for the contract from one of the conspirators' businesses.   To meet the Department of Education requirement that such an informal bid have at least two competing vendor quotes for comparison, defendant **CERISSA RENFROE NEAL** would obtain false and inflated quotes, by herself and from the other conspirators, designed to make the intended conspirator's business the lower bid, and to guarantee the award of the contract to that business.

13.     Conspirators coordinated their submissions to the Department of Education as well as the sharing of the resulting contract payments.   After the Department of Education made payment on the rigged contract to the conspirator-owned business, the assisting conspirator defendants received payments from the winning bidder, in return for their assistance in rigging the bid and winning the contract award from the Department of Education.

14.     Payments would then be made to defendant **CERISSA RENFROE NEAL** from the winning bidder, to whom she had directed the award of the contract.

15.     **The (First and Second) Microfiche Contracts**: On or about May 2014, when the Department of Education sought to contract an outside business to convert teacher personnel record files from microfiche to digital storage media, defendant **CERISSA RENFROE NEAL** caused the contract to be split into two contracts, each valued below the $100,000 threshold, at equal amounts of $98,875.

3

16.     On or about May 16, 2014, defendant **CERISSA RENFROE NEAL** awarded the First Microfiche Contract to bidder "Hunt Services." "Hunt Services" was in fact Doc Imaging, owned and operated by defendant **DAVID B. HUNT**. The competing quotes used to justify the award to "Hunt Services" were from a business named Docufree and another business called Bits & Bytes. The Docufree quote was not actually submitted by Docufree as a bidder, but instead had been created by Defendant **CERISSA RENFROE NEAL**.

17.     On or about June 10, 2014, the State of Mississippi paid $98,875 to "Hunt Services" for the First Microfiche Contract.

18.     On or about June 10, 2014, Doc Imaging, controlled by defendant **DAVID B. HUNT**, paid $15,700 to The Kyles Company, controlled by defendant **JOSEPH B. KYLES**.

19.     On or about June 2, 2014, Doc Imaging paid $2,500 to the Bits & Bytes company.

20.     On or about July 9, 2014, defendant **CERISSA RENFROE NEAL** caused the award of the Second Microfiche Contract to Doc Imaging, controlled by defendant **DAVID B. HUNT**. The competing quotes used to justify the award to Doc Imaging were the identical quotes from Docufree and Bits & Bytes, previously used in June 2014 to justify the award of the First Microfiche Contract to "Hunt Services."

21.     On or about September 12, 2014, the State of Mississippi paid $98,875 to Doc Imaging for the Second Microfiche Contract.

22.     On or about September 16, 2014, Doc Imaging paid $14,730 to The Kyles Company, controlled by defendant **JOSEPH B. KYLES**.

23.     On or about August 28, 2014, Doc Imaging paid $2,500 to Bits & Bytes.

24.     **The Kyles and Company sale of educational equipment:** Defendants

4

**CERISSA RENFROE NEAL, LAMBERT MARTIN and JOSEPH B. KYLES** further conspired and colluded to submit fraudulent quotes to guarantee and ensure that The Kyles Company received Department of Education purchase orders for certain educational classroom equipment. The classroom equipment purchases were paid for from federal grant money given to the State of Mississippi.

25. Beginning in September 2014, and continuing through 2016, defendant **CERISSA RENFROE NEAL** directed Department of Education purchase orders for the benefit of The Kyles Company. The purchase orders were kept below the $50,000 threshold for tangible goods, in order to evade formal competitive bidding procedures.

26. For every purchase order, the quote from The Kyles Company was the winning low bid. **CERISSA RENFROE NEAL** obtained a competing vendor quote from a company named, Promethean company, however that quote was for equipment that was not equivalent to that sold by The Kyles Company. The identical Promethean quote reappeared as a competing vendor quote in every purchase order awarded to The Kyles Company. The Promethean company was unaware that this quote was submitted as justification for successive purchase orders.

27. Defendant **LAMBERT MARTIN** controlled Educational Awareness, which supplied the second competing vendor quote for each purchase order for educational classroom equipment awarded to The Kyles Company. Each vendor quote from Educational Awareness was higher than the corresponding quote from The Kyles Company.

28. Throughout the time that the Department of Education was awarding purchase orders to The Kyles Company in preference over the quotes from Educational Awareness, The Kyles Company, controlled by defendant **JOSEPH B. KYLES**, made recurring payments to

5

Educational Awareness and defendant **LAMBERT MARTIN**.   Defendant **JOSEPH B. KYLES**, acting through The Kyles Company, aided and abetted by others, also made payments back to defendant **CERISA RENFROE NEAL**.

29.    In this manner, The Kyles Company received from the State of Mississippi payments on purchase orders in total exceeding $650,000.

30.    During the same period, The Kyles Company made payments to Educational Awareness altogether in excess of $65,000.

31.    Defendant **CERISSA RENFROE NEAL** in this manner received payments directly or indirectly from defendant **JOSEPH B. KYLES** and The Kyles Company, totaling more than $42,000.

32.    **The Third Microfiche Contract**:   On or about March 9, 2015, the Department of Education published a request for proposals for conversion of microfiche files in the Department. Defendant **DAVID B. HUNT** and Doc Imaging submitted a price quote, but was underbid to a legitimate competitor company from Texas.

33.    Following the April 2015 award of the Third Microfiche Contract to the Texas vendor, defendant **CERISA RENFROE NEAL** advocated within the Department of Education for the revocation of the contract award and republication of the request for proposals.

34.    Defendant **CERISSA RENFROE NEAL's** efforts led to the Department of Education's request in May 2015 that the vendors competing for the Third Microfiche Contract "clarify" their bids.

35.    On or about May 8, 2015, Doc Imaging submitted a new bid quote that was substantially lower than its initial quote and lower than the previous winning quote from Texas.

All other original bidders had resubmitted their original proposals in the original amounts.

36.    On or about July 22, 2015, the Department of Education awarded the Third Microfiche Contract to Doc Imaging.

37.    On or about June 9, 2016, the State of Mississippi paid $152,352 to Doc Imaging.

38.    On or about June 16, 2016, Doc Imaging paid $30,975.60 to The Kyles Company.

39.    On or about July 10, 2016, The Kyles Company paid $3,000 to Garland Consulting, controlled by defendant **CERISSA RENFROE NEAL**.

All in violation of Title 18, United States Code, Section 1349.

COUNTS 2-8
(Wire Fraud: 18 U.S.C. § 1343)

40.    Beginning on or about May 1, 2013, and continuing through on or about July 31, 2016, the exact dates being unknown to the Grand Jury, in Hinds County, in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendants, **CERISSA RENFROE NEAL, JOSEPH B. KYLES, DAVID B. HUNT and LAMBERT MARTIN,** aided and abetted by others, did knowingly and with intent to defraud, devise and intend to devise a scheme and artifice to defraud the Mississippi Department of Education and other parties, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and did knowingly cause to be transmitted, by wire communication in interstate and foreign commerce, writings, signs, pictures, sounds and signals for the purpose of executing such scheme and artifice.

7

## Purpose and Manner and Means of the Scheme and Artifice

41.     Paragraphs 1 through 39 of this Indictment are incorporated by reference as though fully stated herein, as the purpose and manner and means of the alleged scheme and artifice.

## Use of Interstate Wire Communications

42.     On or about the dates listed below, in Hinds County, in the Northern Division of the Southern District of Mississippi, and elsewhere, for the purpose of executing the aforesaid scheme and artifice to defraud, the defendants, **CERISSA RENFROE NEAL, JOSEPH B. KYLES, DAVID B. HUNT and LAMBERT MARTIN,** did knowingly transmit and cause to be transmitted, in interstate and foreign commerce, by means of wire communications, certain writings, signs, signals, pictures and sounds, as more particularly described for each count below:

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| 2 | March 3, 2015 | Email from **CERISSA RENFROE NEAL to JOSEPH B. KYLES** forwarding email chain about payments to The Kyles Company |
| 3 | April 2, 2015 | Email from **CERISSA RENFROE NEAL to JOSEPH B. KYLES** about equipment sale to Simpson County, Miss. |
| 4 | May 11, 2015 | Clearance of deposited check in amount of $49,525 from The State of Mississippi to The Kyles Company |
| 5 | September 16, 2015 | Clearance of deposited check in amount of $36,700 from The State of Mississippi to The Kyles Company |
| 6 | February 8, 2016 | Clearance of deposited check in amount of $6.668 from The State of Mississippi to The Kyles Company |
| 7 | May 27, 2016 | Clearance of deposited check in amount of $29,000 from The State of Mississippi to The Kyles Company |
| 8 | June 9, 2016 | Clearance of deposited check in amount of $152,352 from The State of Mississippi to Doc Imaging |

All in violation of Title 18, United States Code, Sections 1343.

<u>COUNT 9</u>
(Engaging in Monetary Transactions: 18 U.S.C. § 1957)

43.    On or about March 11, 2015, in Hinds County in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendants **CERISSA RENFROE NEAL and JOSEPH B. KYLES,** aided and abetted by others, did knowingly engage and attempt to engage in the following monetary transactions by through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is the transfer and exchange of U.S. currency, such property having been derived from a specified unlawful activity, that is, wire fraud:

| COUNT | DATE | DEFENDANT(S) | MONETARY TRANSACTION |
|---|---|---|---|
| 9 | March 11, 2015 | **CERISSA RENFROE NEAL and JOSEPH B. KYLES** | Deposit of check in amount of $20,000 by **CERISSA RENFROE NEAL** |

All in violation of Title 18, United States Code, Sections 1957 and 2.

<u>COUNTS 10-12</u>
(Bribe to an Agent of an Organization Receiving Federal Funds: 18 U.S.C. § 666(a)(2))

44.    At all times material to this Indictment, the Mississippi Department of Education was an agency of a state government that received federal assistance in excess of $10,000 during the one-year period beginning August 1, 2015 and ending July 31, 2016.

45.    Defendant **CERISSA RENFROE NEAL** was an agent of the Mississippi Department of Education, whose duties included review of proposals and awards of contracts to vendor businesses.

46.    On or about the dates below, in Hinds County, the Northern Division of the Southern District of Mississippi, and elsewhere, the defendant **JOSEPH B. KYLES,** aided and

9

abetted by others, did corruptly give, offer, and agree to give a thing of value to any person intending to influence and reward defendant **CERISSA RENFROE NEAL** in connection with a transaction and series of transactions of the Mississippi Department of Education involving $5,000 or more.

| COUNT | DATE | TRANSACTION |
|---|---|---|
| 10 | August 5, 2015 | Check in amount of $3,000 to **CERISSA RENFROE NEAL** |
| 11 | October 5, 2015 | Check in amount of $2,000 to **CERISSA RENFROE NEAL** |
| 12 | July 10, 2016 | Check in amount of $3,000 to Garland Consulting |

All in violation of Title 18, United States Code, Sections 666(a)(2) and 2.

## COUNTS 13-15
(Receipt of a Bribe by an Agent of an Organization Receiving Federal Funds:
18 U.S.C. § 666(a)(1)(B))

47.  At all times material to this Indictment, the Mississippi Department of Education was an agency of a state government that received federal assistance in excess of $10,000 during the one-year period beginning August 1, 2015 and ending July 31, 2016.

48.  Defendant **CERISSA RENFROE NEAL** was an agent of the Mississippi Department of Education, whose duties included review of proposals and awards of contracts to vendor businesses.

49.  On or about the dates below, in Hinds County, and Madison County, in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendant **CERISSA RENFROE NEAL**, aided and abetted by others, did corruptly solicit, demand, accept and agree to accept a thing of value from a person, intending to be influenced and rewarded in connection with a transaction and series of transactions of the Mississippi

10

Department of Education involving $5,000 or more.

| COUNT | DATE | TRANSACTION |
|---|---|---|
| 13 | August 5, 2015 | Check in amount of $3,000 to **CERISSA RENFROE NEAL** |
| 14 | October 5, 2015 | Check in amount of $2,000 to **CERISSA RENFROE NEAL** |
| 15 | July 10, 2016 | Check in amount of $3,000 to Garland Consulting |

All in violation of Title 18, United States Code, Sections 666(a)(1)(B) and 2.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendants shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses. Further, if any property described above, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent

11

of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1); and Title 28, United States Code, Section 2461.

D. MICHAEL HURST, JR.
United States Attorney

A TRUE BILL:

S/SIGNATURE REDACTED

Foreperson of the Grand Jury

This Indictment was returned in open court by the foreperson or deputy foreperson of the Grand Jury on this the 25 day of February, 2020

UNITED STATES MAGISTRATE JUDGE